-------------------------------------------------------------------------X

ROADWAY MOVING AND STORAGE, INC.
D/B/A ROADWAY MOVING, AND
ROADWAY MOVERS INC. D/B/A ROADWAY MOVING,

         *Plaintiffs*,

-AGAINST-

ROADWAY MOVERS LLC AND VIKAS SHARMA,

         *Defendants*.
-------------------------------------------------------------------------X

**CASE NO. 1:26-CV-06365**

**DECLARATION OF
AARON J. SOLOMON**

Aaron J. Solomon, Esq., an attorney duly admitted to practice before the courts of the State of New York and this Court, declares, pursuant to 28 U.S.C. Section 1746:

1. I am a partner at the law firm of Oved & Oved LLP, attorneys for Plaintiffs Roadway Moving and Storage, Inc. d/b/a Roadway Moving and Roadway Movers Inc. d/b/a Roadway Moving (together, "Plaintiffs" or "Roadway Moving"), in connection with the above-referenced matter.

2. I submit this declaration in support of Plaintiffs' order to show cause (the "Application") to preliminarily enjoin Defendants Roadway Movers LLC ("RM LLC") and Vikas Sharma ("Sharma," and together with RM LLC, "Defendants"), and their officers, agents, servants, employees, and attorneys, and all those in active concert or participation with them, from using, advertising, marketing, promoting, offering, or selling moving, relocation, storage, moving-brokerage, vehicle-shipping, or auto-transport services in connection with the names "Roadway," "Roadway Moving," or "Roadway Movers," or any other name or designation confusingly similar to any of the foregoing. I have personal knowledge of the matters set forth below, and if called as a witness I could and would testify competently to them.

**A.      The Cease-and-Desist Notice and Defendants' Response**

3.      On February 16, 2026, Plaintiffs, through their general counsel John P. Guella, Esq., sent Defendants a cease-and-desist letter demanding that Defendants stop using the "Roadway Movers" name and any confusingly similar designations and remove all infringing listings, websites, advertisements, and marketing materials, and provide written confirmation of compliance within fourteen days of receipt.  The letter was sent via overnight courier with tracking and by electronic delivery to support@roadwaymovers.info, and I was copied on it.  A true and correct copy of the letter is annexed hereto as **Exhibit 15**.

4.      On February 16, 2026, at 12:40 p.m., Mr. Guella transmitted the letter to Defendants by email to support@roadwaymovers.info.  A true and correct copy of the email chain described in this section is annexed hereto as **Exhibit 16**.

5.      On March 16, 2026, at 4:38 p.m., Sharma responded by email, acknowledged receipt of the February 16, 2026, letter, stated that he was "in the process of evaluating a rebranding" of the company, and represented that he "will ensure that any potentially confusing use of the name is discontinued."  This response is included in **Exhibit 16**.

6.      On March 18, 2026, Mr. Guella responded, acknowledged Sharma's email, and set April 3, 2026, as the deadline for full compliance, including removal of all infringing uses of the "Roadway Movers" name and any confusingly similar designations.  On March 31, 2026, Mr. Guella followed up and advised that, as of that date, Roadway had not received confirmation that the required corrective actions had been completed.  These communications are included in **Exhibit 16**.

7.      The April 3, 2026, deadline passed without compliance.  Based on the materials I reviewed, Defendants' website at roadwaymovers.us and Defendants' public listings remain live

under the Infringing Mark.  True and correct copies of screen captures of Defendants' website are annexed hereto as **Exhibit 9**.

**B.**      **Local Civil Rule 6.1(d) Notice**

8.      I make this showing pursuant to Local Civil Rule 6.1(d).

9.      Plaintiffs proceed by proposed order to show cause rather than by ordinary notice of motion because Defendants' ongoing use of the Infringing Mark continues to expose Plaintiffs' goodwill to consumer confusion and reputational injury, and Plaintiffs seek a prompt, court-set briefing and hearing schedule.  Plaintiffs do not seek *ex parte* relief, a temporary restraining order, or any restraint before Defendants have had an opportunity to be heard.

10.      This application for a preliminary injunction is being made on notice.  On July 27, 2026, at approximately 1:50 p.m., I attempted to transmit complete copies of all papers supporting the Application to Defendants by electronic mail at support@roadwaymovers.info.  I received an automated notification that the email was undeliverable.  At approximately the same time, I attempted to provide notice by telephone at (571) 547-2845, but received a recorded message stating that the number was not in service.

11.      Defendants have not responded to that notice.  The schedule requested in the proposed order to show cause affords Defendants a fair opportunity to oppose the Application.

**C.**      **Exhibits Submitted in Support of Application**

12.      Attached as **Exhibit 1** are true and correct copies of records obtained from the United States Patent and Trademark Office concerning (i) the pending ROADWAY MOVING standard-character application, Serial No. 99892503, and (ii) active design-only U.S. Registration No. 5,154,488.  Attached as **Exhibits 7**, **8**, and **11** are true and correct copies of records obtained from, respectively, the docket in *Roadway Moving and Storage, Inc. v.*

*Roadway Movers LLC*, No. 18-cv-4169 (KPF), the Virginia State Corporation Commission, and the Federal Motor Carrier Safety Administration.

13. Attached as **Exhibits 2** through **6**, **9**, **10**, and **12** through **14** are true and correct copies of webpages and online materials obtained from the sources identified in those exhibits. The exhibits reflect webpages accessed on July 7, 2026, and accurately reproduce the materials as they appeared on that date.

14. Attached as **Exhibit 15** is a true and correct copy of Plaintiffs' February 16, 2026, cease-and-desist letter. Attached as **Exhibit 16** is a true and correct copy of the email correspondence between Plaintiffs and Defendants from February 16 through March 31, 2026. Attached as **Exhibit 17** is a true and correct copy of Roadway Moving's 2026 fleet-expansion announcement, accessed on July 27, 2026.

**D.  Bond**

15. Rule 65(c) of the Federal Rules of Civil Procedure requires security in an amount the Court considers proper. Because the requested relief is prohibitory and would require Defendants only to stop using a name they adopted in 2024 and have no right to use, and because Plaintiffs have made a strong showing on the merits, Plaintiffs respectfully submit that a nominal bond of $1,000 is appropriate, subject to the Court's determination of the proper amount.

16. No prior application for the relief requested against these Defendants has been made in this action or in any other court. Plaintiffs previously obtained a default judgment in *Roadway Moving and Storage, Inc. v. Roadway Movers LLC*, No. 18-cv-4169 (KPF), against different and unrelated defendants, Roadway Movers LLC and William Rodriguez. That prior action was not an application against the Defendants named here. A true and correct copy of that judgment is attached as **Exhibit 7**.

17. I declare under penalty of perjury that the foregoing is true and correct.

Dated: New York, New York,
July 27, 2026

OVED & OVED LLP

By: _____
Aaron J.  Solomon, Esq.
*Attorneys for Plaintiffs*
401 Greenwich Street
New York, New York 10013
Tel: 212.226.2376
Email: aaron@ovedlaw.com