UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
ROADWAY MOVING AND STORAGE, INC.
D/B/A ROADWAY MOVING, AND
ROADWAY MOVERS INC. d/b/a ROADWAY MOVING,

Case No.: 1:26-cv-06365

*Plaintiffs*,

**DECLARATION OF
ROSS SAPIR**

-AGAINST-

ROADWAY MOVERS LLC AND VIKAS SHARMA,

*Defendants*.
-------------------------------------------------------------------------X

Ross Sapir declares, pursuant to 28 U.S.C. Section 1746:

1.      I am the Chief Executive Officer and founder of Plaintiffs Roadway Moving and Storage, Inc. d/b/a Roadway Moving and Roadway Movers Inc. d/b/a Roadway Moving (together, "Plaintiffs" or "Roadway Moving").  I submit this declaration in support of Plaintiffs' order to show cause (the "Application") for a preliminary injunction against Defendants Roadway Movers LLC ("RM LLC") and Vikas Sharma ("Sharma," and together with RM LLC, "Defendants").  Except as otherwise stated, I have personal knowledge of the matters set forth below, and if called as a witness I could and would testify competently to them.

## A.      Roadway Moving and the Mark

2.      I founded Roadway Moving in 2008 as a small moving company.  Since then, Plaintiffs have used the trademark "Roadway Moving" (the "Mark") continuously to identify their moving, storage, and relocation services, for approximately eighteen years.

3.      While at all relevant times doing business as "Roadway Moving," in or about October 2016, Plaintiff Roadway Moving and Storage, Inc. transferred its licenses to a newly formed New York corporation, Plaintiff Roadway Movers Inc., which has continued doing

business as "Roadway Moving."

4.      Plaintiffs today complete more than 30,000 moves annually, operate a fleet of more than 292 trucks and tractors, employ more than 700 people, maintain more than 400,000 square feet of warehouse space, and perform coast-to-coast and international moves. Plaintiffs are headquartered at 845 Third Avenue, New York, New York, with additional New York operations and a facility in Northridge, California, and serve customers in major markets across the United States.

**B.      Reputation, Reviews, and Advertising**

5.      Plaintiffs hold A+ accreditation from the Better Business Bureau (the "BBB") and a 4.9 rating on Trustpilot across more than 1,000 reviews, and have received more than 10,000 overwhelmingly positive customer reviews across platforms. A true and correct copy of the BBB business profile for Roadway Moving reflecting its A+ accreditation is annexed to the Declaration of Aaron J. Solomon (the "Solomon Declaration") as **Exhibit 2**. Representative reviews and testimonials supporting the more than 10,000 reviews across platforms are annexed as follows: representative Trustpilot reviews of Roadway Moving are annexed to the Solomon Declaration as **Exhibit 3**; representative Angi reviews of Roadway Moving are annexed to the Solomon Declaration as **Exhibit 4**; and representative customer reviews and testimonials for Roadway Moving are annexed to the Solomon Declaration as **Exhibit 5**.

6.      In the moving industry, consumers select companies largely based on reviews and word of mouth. That reputation is difficult to build and easy to lose.

7.      Plaintiffs generate business through these reviews and through substantial advertising across digital and traditional channels, including Google, Meta (Facebook and Instagram), Yelp, Angi, and Trustpilot.

8. In 2023, Roadway Moving became the Official Moving and Storage Partner of the New York Yankees. Plaintiffs have also received continuing press coverage, including features in national outlets, coverage in The Real Deal in 2024, recognition of me as an EY Entrepreneur of the Year honoree in 2025, and a 2026 fleet-expansion announcement. True and correct copies of representative press coverage, including coverage in The Real Deal in 2024 and recognition as an EY Entrepreneur Of The Year honoree in 2025, are annexed to the Solomon Declaration as **Exhibit 6**. A true and correct copy of the 2026 fleet-expansion announcement is annexed to the Solomon Declaration as **Exhibit 17**. Plaintiffs also support community programs through their Roadway Cares initiative, including Feeding NYC, Children's Village, and logistics support for the AIDS Walk and American Cancer Society events in Central Park.

9. Through this long, continuous, and successful use, the Mark has come to identify Plaintiffs as the source of high-quality moving, storage, and relocation services.

10. By August 9, 2024, we had used the Roadway Moving name for more than sixteen years. By then, we were advertising and serving customers across the United States, and the Roadway Moving name was widely known as identifying our company.

C. **Plaintiffs' Trademark Materials**

11. Plaintiffs' rights in the Mark arise from continuous common-law use since 2008. Plaintiff Roadway Movers Inc. has a pending use-based application on the Principal Register for ROADWAY MOVING in standard characters, Serial No. 99892503, filed June 18, 2026, for "Moving company services; Furniture moving; Moving and storage of goods" in International Class 39. The application is live and awaiting examination. Plaintiff Roadway Moving and Storage, Inc. owns U.S. Registration No. 5,154,488 for a design-only mark consisting of a truck with two human figures carrying a heart up the truck's back ramp, registered for "moving and

storage of goods." True and correct copies of the relevant United States Patent and Trademark Office records are annexed to the Solomon Declaration as **Exhibit 1**.

**D.  Prior Enforcement of the Mark**

12.  Plaintiffs have enforced the Mark before. In or around 2015, a third party formed a Florida corporation named "Roadway Moving and Storage Inc.," the same name as Plaintiffs' New York corporate entity. After Plaintiffs notified the registrant of its potential liability, the registrant voluntarily transferred the entity to my ownership. In 2018, Plaintiffs sued a different, unrelated infringer that had adopted the name "Roadway Movers LLC," and obtained a default judgment in this District permanently enjoining that infringer from using the name "Roadway Movers," the word "Roadway," or any confusingly similar name. A true and correct copy of that default judgment is annexed to the Solomon Declaration as **Exhibit 7**.

**E.  Defendants and the Infringing Mark**

13.  On or about August 9, 2024, Sharma formed RM LLC, a Virginia limited liability company (Entity ID 11731842) with a registered and principal office at 13066 Thrift Lane, Woodbridge, Virginia 22193. Virginia corporate records list the entity as active, and Virginia, BBB, and FMCSA records identify Sharma as its owner, manager, and contact. A true and correct copy of the Virginia State Corporation Commission record for RM LLC is annexed to the Solomon Declaration as **Exhibit 8**.

14.  RM LLC operates a website at roadwaymovers.us that uses the name "Roadway Movers" (the "Infringing Mark") and holds the business out as a nationwide auto-transport and vehicle-shipping operation. The site displays the contact address support@roadwaymovers.info, a Woodbridge, Virginia address, and the telephone number +1 (571) 547-2845, and it advertises open-trailer, enclosed-trailer, flatbed, powersport, heavy-vehicle, and boat shipping. The site

4

solicits quotes nationwide by pickup and delivery ZIP code. The site also discloses that "Roadway Movers LLC operates as a brokerage, collaborating with a carefully selected group of contracted drivers." True and correct copies of screen captures of Defendants' website are annexed to the Solomon Declaration as **Exhibit 9**.

15. Defendants thus offer transportation and relocation-related services, under a name nearly identical to the Mark, through the same online channels in which Plaintiffs advertise and are found by consumers. The difference between the Infringing Mark and the Mark is a single inflection: "Movers" for "Moving."

F. **Service Overlap**

16. Plaintiffs provide nationwide moving, storage, and relocation services and coordinate auto transport for long-distance moves. Defendants broker nationwide auto transport and vehicle shipping. Both offerings serve consumers planning relocations, and both are marketed nationwide through the same online channels. A consumer arranging a long-distance move could readily assume that "Roadway Movers," offering to ship the family car, is the same company as, or an affiliate of, "Roadway Moving."

G. **The Public Record Contradicts Defendants' Claimed Credentials**

17. Defendants' captured website materials touted "3+ Years of Experience" and "4000+ Customers Satisfied." RM LLC was formed in August 2024. Those representations cannot be reconciled with that fact. True and correct copies of screen captures of the relevant website materials are annexed to the Solomon Declaration as **Exhibit 10**.

18. Although Defendants hold themselves out as a nationwide transporter, FMCSA records list RM LLC as a broker, USDOT No. 4286210, MC-1666999, with operating authority designated "NOT AUTHORIZED" and zero power units. RM LLC is a broker that takes a fee

5

and assigns the work to third-party carriers unknown to the consumer. True and correct copies of the FMCSA records are annexed to the Solomon Declaration as **Exhibit 11**.

19. Defendants' BBB record reflects the results. RM LLC holds an F rating, with twelve complaints filed against it, seven of which it has not answered, and an average customer-review score of 2.88 out of 5 across 17 reviews. Consumers describe deposits taken, vehicles never picked up, and bait-and-switch pricing. True and correct copies of the BBB business profile, complaints, and reviews for RM LLC are annexed to the Solomon Declaration as **Exhibits 12, 13, and 14**. By contrast, Plaintiffs have maintained a strong service record over eighteen years. When Defendants use the Roadway name for these services, customers can associate their complaints and poor experiences with us.

**H.      Consumer Contacts Reflecting Confusion**

20. I did not learn about RM LLC when it was formed. In or around February 2026, after my company was contacted by aggrieved consumers, I first learned that it was using the name "Roadway Movers," and Roadway Moving sent RM LLC a cease-and-desist letter concerning that use.

21. By June 23, 2026, a consumer had posted a Trustpilot review concerning an auto-transport transaction with Defendants in a manner that associated the experience with Roadway Moving.

22. During the week before June 23, 2026, another consumer posted a review on Roadway Moving's Yelp page concerning car-transport services attributable to Defendants. Roadway Moving flagged the review as concerning the wrong business, and Yelp removed it.

23. These misdirected complaints have required Roadway Moving's customer-service personnel to investigate and address problems caused by Defendants, diverting them from

serving Roadway Moving's own customers.  But the resulting reputational harm extends beyond the complaints that reach us: consumers who mistakenly attribute Defendants' delays, charges, or service failures to Roadway Moving may decide not to use or recommend us, or may repeat those negative experiences to others, without ever contacting us and giving us an opportunity to correct the confusion.

## I.    **<u>Irreparable Harm</u>**

24.    The harm to Roadway Moving is direct.  When a customer thinks he or she hired Roadway Moving but instead deals with an F-rated broker, the customer blames us for whatever goes wrong. In that customer's mind, "Roadway" service becomes whatever Defendants and their unknown carriers deliver.

25.    Customers choose moving companies based heavily on reviews, ratings, and word of mouth. Complaints about deposits, missed pickups, bait-and-switch pricing, and poor service can damage the Roadway name even when Defendants caused the problem.  That damage is hard to measure and hard to repair after it happens.

26.    No prior application for the relief requested in the Application has been made to this or any other court.

27.    I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 27, 2026
New York, New York

_____

Ross Sapir