UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X

26-CV-6365 (JMF)

ROADWAY MOVING AND STORAGE, INC.
d/b/a ROADWAY MOVING, and
ROADWAY MOVERS INC. d/b/a ROADWAY MOVING,

*Plaintiffs,*

-against-

ROADWAY MOVERS LLC and VIKAS SHARMA,

*Defendants.*
-----------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT**

Plaintiffs Roadway Moving and Storage, Inc. d/b/a Roadway Moving and Roadway Movers Inc. d/b/a Roadway Moving (collectively, "Plaintiffs" or "Roadway Moving") respectfully submit this memorandum in support of their motion under Federal Rule of Civil Procedure 55(b)(2) and Local Civil Rule 55.2 for default judgment against Defendant Roadway Movers LLC ("RM LLC").

## PRELIMINARY STATEMENT

This motion follows a record already resolved in substance. Plaintiffs sued after RM LLC wrongfully co-opted "Roadway Movers" for nationwide transportation services, one inflection removed from Plaintiffs' long-used ROADWAY MOVING trademark, and consumers began directing RM LLC's complaints and reviews to Plaintiffs. Compl. ¶¶ 24-41. Plaintiffs promptly sought preliminary relief. RM LLC received the Complaint and motion papers in the manner specifically ordered by this Court, but never appeared through licensed counsel, answered, or opposed the injunction. On September 11, 2026, the Court deemed Plaintiffs' preliminary-injunction motion unopposed and granted it "substantially for the reasons set forth in

their memorandum of law." ECF No. 29 at 1. The Clerk has now entered RM LLC's default. ECF No. 36.

The admitted allegations establish liability under Section 43(a) of the Lanham Act. Plaintiffs have continuously used ROADWAY MOVING since 2008; RM LLC markets closely related transportation and relocation services as "Roadway Movers"; the marks share the dominant term and differ only in the inflection of "Moving" versus "Movers"; and actual confusion occurred, to Plaintiffs' detriment. Compl. ¶¶ 14-28, 35-46. Indeed, the record demonstrates ongoing reputational injury that money cannot repair. Plaintiffs therefore seek a permanent injunction tracking the relief demanded in the Complaint and already supported by the record. They seek no monetary award. Defendant Vikas Sharma, RM LLC's principal, has separately consented, individually, to the same final injunctive relief, so entry of judgment against RM LLC creates no risk of inconsistent adjudications between defendants.

## BACKGROUND

Plaintiffs commenced this action on July 27, 2026. ECF No. 1. The Verified Complaint alleges that Plaintiffs have used ROADWAY MOVING continuously since 2008 for moving, storage, and relocation services; that their business now performs more than 30,000 moves annually; and that the mark has accumulated extensive goodwill through long use, advertising, reviews, and press. Compl. ¶¶ 2, 14-23. RM LLC, formed in August 2024, uses "Roadway Movers" to solicit nationwide auto-transport and vehicle-shipping business through roadwaymovers.us. *Id.* ¶¶ 24-28. The Complaint alleges that RM LLC holds itself out under credentials inconsistent with public records and has accumulated an F rating, numerous complaints, and low customer reviews. *Id.* ¶¶ 29-34.

The confusion alleged is concrete. By February 2026, consumers who believed they had hired Plaintiff were contacting Plaintiffs about transactions with RM LLC, including complaints regarding poor service and alleged bait-and-switch practices. Compl. ¶¶ 35-38. Plaintiffs sent a cease-and-desist letter on February 16, 2026. Sharma later acknowledged receipt and said he was "evaluating a rebranding," but the challenged website and listings remained live after Plaintiffs' compliance deadline. *Id.* ¶¶ 39-41.

On July 29, 2026, the Court ordered Plaintiffs to serve the Complaint, the preliminary-injunction papers, and that Order by e-mail and overnight courier. ECF No. 14. Plaintiffs did so on July 30, 2026, serving RM LLC through Sharma, its registered agent, at 13066 Thrift Lane, Woodbridge, Virginia, by FedEx Priority Overnight and by e-mail at the three business addresses used by Defendants. ECF No. 18. Sharma later appeared pro se at the August 6 conference, while the Court reiterated that RM LLC could appear only through licensed counsel. ECF No. 20. No counsel appeared for RM LLC, and neither defendant opposed the injunction by the September 3 deadline. On September 11, the Court granted the preliminary-injunction motion as unopposed and directed Plaintiffs to pursue default judgment. ECF No. 29. The Clerk entered RM LLC's default on September 16. ECF No. 36.

## ARGUMENT

## I. DEFAULT JUDGMENT IS WARRANTED AGAINST RM LLC

Rule 55 establishes a two-step process: entry of default, followed by default judgment. *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011). Once default is entered, the Court accepts well-pleaded factual allegations as true and draws reasonable inferences for the plaintiff, but must determine whether those allegations establish liability. *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009).

Both steps are satisfied. RM LLC was required to defend through licensed counsel and did not do so. *Lattanzio v. COMTA*, 481 F.3d 137, 139-40 (2d Cir. 2007). The Court repeatedly warned that no counsel had appeared, and the Clerk has now formally noted RM LLC's default. ECF No. 36. RM LLC still has not answered or otherwise defended through counsel. There is therefore no procedural obstacle to adjudicating liability under Rule 55(b)(2).

## II. SERVICE WAS PROPER UNDER RULE 4 AND VIRGINIA LAW

The Court's July 29 Order directed Plaintiffs to serve the Complaint and preliminary-injunction papers "by e-mail and overnight courier." ECF No. 14 at 1. Plaintiffs complied on July 30, serving RM LLC through Sharma, its registered agent, at 13066 Thrift Lane, Woodbridge, Virginia, by FedEx Priority Overnight and contemporaneously by e-mail. ECF No. 18. Rule 4(h)(1)(A), through Rule 4(e)(1), permits service on an LLC by following the law of the state where service is made. Because service was made in Virginia, Virginia law supplies an independently sufficient route.

Virginia law is deliberately nonexclusive. A domestic or foreign LLC's registered agent is its agent for service of process, and the governing statute expressly provides that it does not prescribe the only, or necessarily the required, means of service. Va. Code § 13.1-1018(A), (C). The statutes governing service on domestic and foreign LLCs likewise disclaim exclusivity. Va. Code § 8.01-299 and § 8.01-301. More importantly, Virginia's curing statute provides that process timely reaching the person to whom it is directed "shall be sufficient although not served or accepted" as otherwise prescribed. Va. Code § 8.01-288. In *Frey v. Jefferson Homebuilders, Inc.*, 251 Va. 375, 379-80, 467 S.E.2d 788, 790 (1996), the Supreme Court of Virginia applied § 8.01-288 where process reached a corporation's registered agent even though the person who delivered it was not authorized to serve process, emphasizing that Virginia's corporate-service statute contemplated that other forms of service could be proper. And *Virginia Employment*

*Commission v. Porter-Blaine Corp.*, 27 Va. App. 153, 161, 497 S.E.2d 889, 893 (1998), held that overnight delivery was sufficient under § 8.01-288 where the papers actually reached the intended recipient within the prescribed time, notwithstanding noncompliance with personal-service requirements. The record here is stronger still: Sharma is RM LLC's sole owner, manager, and registered agent; the FedEx delivery went to the registered-agent address; he thereafter appeared personally; and the Clerk's Certificate finds that RM LLC was served through Sharma on July 30. Compl. ¶¶ 8-9, 24-25; ECF No. 20; ECF No. 36. Service was therefore sufficient under Rule 4(h)(1)(A) and Virginia law.

## III. THE COURT HAS SUBJECT-MATTER AND PERSONAL JURISDICTION

Subject-matter jurisdiction is straightforward. Count I arises under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). The Court therefore has federal-question and trademark jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1338(a), and 15 U.S.C. § 1121(a). Compl. ¶¶ 10-11.

Personal jurisdiction is governed by New York, not Virginia, law. The Lanham Act does not provide nationwide service of process; accordingly, Rule 4(k)(1)(A) points to the forum state's long-arm statute. *See* *Sunward Electronics, Inc. v. McDonald*, 362 F.3d 17, 22 (2d Cir. 2004). The Complaint alleges that RM LLC markets and solicits its transportation services nationwide, "including in this District," through an interactive website that solicits quotes by pickup and delivery ZIP code, and that Plaintiffs' infringement claim arises from that very use of the ROADWAY MOVERS designation. Compl. ¶¶ 12, 26-28. Under N.Y. CPLR 302(a)(1), purposeful New York business activity supports specific jurisdiction where the claim arises from that activity. *See* *Chloé v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 169-71 (2d Cir. 2010). Exercising jurisdiction also comports with due process because RM LLC purposefully

directed commercial solicitation at New York consumers and the suit concerns injuries arising from that solicitation. *Id.* at 171-73.

## IV. <u>THE ADMITTED ALLEGATIONS ESTABLISH LIABILITY UNDER 15 U.S.C. § 1125(a)(1)(A)</u>

Section 43(a) protects unregistered marks against uses likely to cause confusion as to source, sponsorship, or affiliation. 15 U.S.C. § 1125(a)(1)(A). A plaintiff must establish a protectable mark and likelihood of confusion. *See Morningside Group Ltd. v. Morningside Capital Group, L.L.C.*, 182 F.3d 133, 137 (2d Cir. 1999). Both are established here, and this Court has already granted preliminary relief substantially for the reasons set forth in Plaintiffs' merits memorandum. ECF No. 29 at 1; *see* ECF No. 8.

First, ROADWAY MOVING is protectable. Inherently distinctive marks are protected under Section 43(a) without proof of secondary meaning. *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 768-69 (1992). The Complaint alleges that ROADWAY MOVING is inherently distinctive and, independently, that approximately eighteen years of continuous, exclusive, commercially successful use have given it substantial secondary meaning. Compl. ¶¶ 14-23, 43. Those allegations are admitted by default.

Second, confusion is not merely likely; it has occurred. The familiar *Polaroid Corp. v. Polarad Electronics Corp.*, 287 F.2d 492, 495 (2d Cir. 1961), factors all support Plaintiffs. The mark is strong; "Roadway Movers" and "Roadway Moving" differ only by the inflection of the second word; the parties offer related transportation and relocation services through the same online channels; Plaintiffs already coordinate auto transport; consumers actually contacted Plaintiffs about transactions with RM LLC; RM LLC continued after notice; its complained-of services threaten Plaintiffs' reputation; and the relevant purchasers are ordinary consumers using online search. Compl. ¶¶ 14-41. Actual confusion is "convincing evidence" of likely confusion.

*Morningside Group*, 182 F.3d at 141. The admitted allegations therefore establish RM LLC's liability on Count I.

## V. A PERMANENT INJUNCTION IS WARRANTED AND FALLS WITHIN THE RELIEF DEMANDED

A permanent injunction requires success on the merits, irreparable injury, inadequacy of legal remedies, a favorable balance of hardships, and consistency with the public interest. *See eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). Those requirements are satisfied. Default establishes Plaintiffs' success on Count I. Upon a finding of a Lanham Act violation, Plaintiffs are entitled to a rebuttable presumption of irreparable harm for permanent injunctive relief. 15 U.S.C. § 1116(a). The record independently proves that injury: when consumers attribute an F-rated broker's complaints, missed pickups, deposits, and alleged bait-and-switch conduct to Roadway Moving, Plaintiffs lose control of goodwill that money cannot restore. Compl. ¶¶ 29-38. Loss of reputation and goodwill is paradigmatic irreparable injury. *Register.com, Inc. v. Verio, Inc.*, 356 F.3d 393, 404 (2d Cir. 2004).

The remaining equitable factors point the same way. The injunction does not prohibit RM LLC from engaging in lawful transportation brokerage; it prohibits use of a designation to which it has no right and misleading suggestions of affiliation. RM LLC adopted the challenged name only in 2024, whereas Plaintiffs' goodwill dates to 2008. Compl. ¶¶ 14, 24. Consumers have a strong interest in knowing whose services they are purchasing. *See New York City Triathlon, LLC v. NYC Triathlon Club, Inc.*, 704 F. Supp. 2d 305, 344 (S.D.N.Y. 2010).

The requested injunction also complies with the limits applicable to default judgments. Rule 54(c) provides that a default judgment may not differ in kind from, or exceed in amount, what the pleadings demanded. The Complaint expressly demands preliminary and permanent restraints against use of ROADWAY MOVING, ROADWAY MOVERS, ROADWAY, and

confusingly similar designations; removal of such uses from Defendants' online presence; and the sworn compliance report authorized by § 1116(a). Compl., Prayer ¶¶ i-ii. The proposed judgment tracks that demand. It is also specific as to the prohibited acts, as Rule 65(d) requires.

## VI. ENTRY OF JUDGMENT AGAINST RM LLC CREATES NO INCONSISTENCY WITH SHARMA'S SEPARATE RESOLUTION

This case involves two defendants, but there is no risk of inconsistent adjudications. The Second Circuit has explained that the old rule of *Frow v. De La Vega* is limited, at most, to circumstances in which the liability of one defendant necessarily depends on the liability of another. *International Controls Corp. v. Vesco*, 535 F.2d 742, 746-47 n.4 (2d Cir. 1976). Nothing of that sort exists here. RM LLC's own admitted conduct establishes infringement, and the requested judgment imposes no joint monetary award.

Moreover, Sharma has separately resolved Plaintiffs' claims against him and has consented, individually, to entry of the same substantive Final Judgment and Permanent Injunction. Plaintiffs do not and cannot rely on Sharma's consent as an appearance or judicial admission by RM LLC; the LLC's judgment rests on its own service, default, and admitted allegations. Sharma's consent matters only because it eliminates any practical possibility of conflicting relief between the two defendants.

## VII. NO DAMAGES INQUEST IS NECESSARY, AND THE REMAINING CLAIMS SHOULD BE DISMISSED

Plaintiffs seek no monetary damages, profits, prejudgment interest, attorneys' fees, or costs against RM LLC in this motion. Their requested monetary award is therefore $0, there are no calculations to prove, and no damages inquest could affect the judgment. Rule 55(b)(2) permits a hearing when needed to determine damages or establish another matter; it does not require a hearing where no monetary relief is sought. *See* Fed. R. Civ. P. 55(b)(2).

The Verified Complaint pleads six additional claims beyond Count I. Plaintiffs elect not to pursue those remaining claims in light of the requested final resolution and respectfully request that they be dismissed without prejudice and without costs. That disposition, together with judgment on Count I by default as to RM LLC and by consent as to Sharma, permits entry of a single final judgment and closure of the action.

## CONCLUSION

For these reasons, Plaintiffs respectfully request that the Court grant their motion, enter default judgment against RM LLC on Count I, enter the proposed Final Judgment and Permanent Injunction, dismiss the remaining claims without prejudice, and grant such other and further relief as the Court deems just and proper.

Dated: New York, New York
September 25, 2026

**OVED & OVED LLP**

Aaron J. Solomon, Esq.
*Attorneys for Plaintiffs*
401 Greenwich Street
New York, New York 10013
Tel: 212.226.2376
Email: aaron@ovedlaw.com

**WORD-COUNT CERTIFICATION**

Pursuant to Local Civil Rule 7.1(c), the undersigned certifies that this memorandum contains 2,303 words, excluding the caption, signature block, and this certification.

Dated: New York, New York
September 16, 2026
/s/ Aaron J. Solomon
Aaron J. Solomon, Esq.