UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------X

26-CV-6365 (JMF)

ROADWAY MOVING AND STORAGE, INC.
d/b/a ROADWAY MOVING, and
ROADWAY MOVERS INC. d/b/a ROADWAY MOVING,

*Plaintiffs,*

-against-

ROADWAY MOVERS LLC and VIKAS SHARMA,

*Defendants.*
-----------------------------------------------------X

**[PROPOSED]
FINAL JUDGMENT &
PERMANENT
INJUNCTION**

**(BY CONSENT AS TO VIKAS SHARMA; BY DEFAULT AS TO ROADWAY MOVERS LLC)**

WHEREAS, this action was commenced by Plaintiffs Roadway Moving and Storage, Inc. d/b/a Roadway Moving and Roadway Movers Inc. d/b/a Roadway Moving (collectively, "Plaintiffs") against Defendants Roadway Movers LLC ("RM LLC") and Vikas Sharma ("Sharma"); and

WHEREAS, pursuant to the Court's July 29, 2026 Order, RM LLC was served with the Verified Complaint on July 30, 2026 through Sharma, its registered agent, and proof of service was filed at ECF No. 18; and

WHEREAS, RM LLC failed to appear through licensed counsel, plead, or otherwise defend this action; and

WHEREAS, on September 11, 2026, the Court granted Plaintiffs' preliminary-injunction motion as unopposed and substantially for the reasons stated in Plaintiffs' memorandum of law; and

WHEREAS, on September 16, 2026, the Clerk entered RM LLC's default at ECF No. 36; and

WHEREAS, Sharma appeared and consented in writing, individually, to entry of this Final Judgment and Permanent Injunction; and

WHEREAS, Plaintiffs moved pursuant to Federal Rule of Civil Procedure 55(b)(2) for default judgment against RM LLC and elected not to pursue their remaining claims in light of the final resolution of this action; and

NOW, THEREFORE, the Court having considered the Verified Complaint, Plaintiffs' motion for default judgment, the Clerk's Certificate of Default, Sharma's written consent, and the record, it is ORDERED, ADJUDGED, AND DECREED as follows:

1. Final judgment is entered for Plaintiffs and against RM LLC by default and Sharma by consent on Plaintiffs' First Claim for Relief, for false designation of origin and unregistered trademark infringement under 15 U.S.C. § 1125(a)(1)(A).

2. Plaintiffs' Second through Seventh Claims for Relief are dismissed without prejudice and without costs in light of the final resolution of this action.

3. For purposes of this Judgment, "Roadway Designations" means ROADWAY MOVING, ROADWAY MOVERS, ROADWAY, and any confusingly similar name, mark, trade name, domain name, URL, social-media handle, online listing, keyword, advertising term, or other designation used with moving, storage, relocation, brokerage, vehicle-shipping, auto-transport, or related services.

4. RM LLC and Sharma, and their officers, agents, servants, employees, attorneys, and all other persons acting in concert or participating with either Defendant, are permanently restrained and enjoined from: (a) using any Roadway Designation in connection with goods or services; (b) representing or implying that Defendants or their goods or services are affiliated with, sponsored by, endorsed by, connected to, or share a common source or origin with Plaintiffs; or (c) maintaining any Roadway Designation on websites, domains, corporate names and holdings, social-media accounts, online listings, advertising, marketing materials, or review or rating profiles within Defendants' possession or control.

5. Within ten (10) days after service of this Judgment, each Defendant shall remove prohibited uses within that Defendant's possession or control and shall make reasonable written requests to third-party platforms to remove or correct prohibited uses that cannot be removed directly.

6. Within thirty (30) days after service of this Judgment, each Defendant shall file with the Court and serve upon Plaintiffs a written report under oath describing in detail the manner and form of that Defendant's compliance, pursuant to 15 U.S.C. § 1116(a). Any filing by RM LLC must be made through licensed counsel or as otherwise directed by the Court.

7. No monetary damages, profits, prejudgment interest, attorneys' fees, or costs are awarded. Each side shall bear its own attorneys' fees and costs.

8. The Court retains jurisdiction to interpret and enforce this Final Judgment and Permanent Injunction. The Clerk of Court shall enter judgment and close this case.

Dated: New York, New York

______________, 2026

**SO ORDERED.**

________________________________
**JESSE M. FURMAN**
United States District Judge